**Robert SMITH, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner, Social Security Administration, Defendant—Appellee.**

No. 02–35533.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2003.

Decided Nov. 18, 2003.

Robert A. Friedman, Esq., John J. Chihak, Law Offices of Robert A. Friedman, Everett, WA, Eric Schnaufer, Evanston, IL, for Plaintiff–Appellant.

---

\* Jo Anne B. Barnhart is substituted for William S. Halter, Acting Commissioner of the Social Security Administration, pursuant to Fed. R.App. P. 43(c)(2).

Stephanie Martz, Esq., Office Of The General Counsel, Assistant Regional Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

MEMORANDUM **

Robert Smith appeals a district court order affirming an administrative decision denying him disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423. The denials below are on the ground that Smith's impairments were not severe during his period of insurance coverage. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The parties are familiar with the facts, which will be referenced only as necessary to explain the decision. A denial of disability benefits by the Commissioner of Social Security may be reversed only if unsupported by substantial evidence or based on legal error. *Benton ex rel. Benton v. Barnhart,* 331 F.3d 1030, 1035 (9th Cir.2003).

The second step of the Social Security Administration's five-step disability evaluation screens out claimants without a "severe impairment" or "combination of impairments" that significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A disability must be present for at least twelve months continuously or be expected to result in death. 42 U.S.C. § 416(i)(1). The administrative law judge found that Smith did not have a severe impairment before his insurance expired on December 31, 1996. The conclusion is supported by substantial evidence.

On his disability report, Smith claimed two disabling conditions: (1) a right leg operation and (2) congestive heart failure. The administrative law judge noted that Smith's doctor permitted him to return to work as a heavy equipment operator in May 1993—less than three months after his March 1993 knee surgery. Smith produced no medical records covering the period between his release back to work on May 11, 1993 and his hospitalization for sudden onset congestive heart failure on April 17, 1997. Smith's medical records stated that he did not experience symptoms of a cardiac condition until April 1997. These facts, referenced by the administrative law judge, constitute substantial evidence supporting the decision.

Moreover, the hearing transcript reflects that the administrative law judge diligently attempted to develop the record regarding mobility limitations stemming from Smith's knee impairment. When a claimant is unrepresented, as Smith was at his administrative hearing, the administrative law judge must "be especially diligent in exploring for all the relevant facts." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001).

Here, the administrative law judge was trying to reconstruct what impairment Smith might have experienced without the aid of medical records after May 11, 1993 until April 17, 1997. The best the administrative law judge could do was ask Smith about his perceived limitations—questioning that occurred at Smith's administrative hearing. The series of questions was sufficient to permit Smith to mention any significant limitations on standing or walking.

Moreover, the questions elicited responses further supporting the conclusion that Smith did not have a severe impair-

ment before his insurance coverage expired. For example, Smith testified, "Well, I don't really think I had a lot of health problems in '96," though he claimed a disability onset date of December 30, 1996—a day before the expiration date of his insurance coverage.

The district court decision is AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.